# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN ANGUIANO, <br><br> Petitioner, <br><br> v. <br><br> CHARLES CALLAHAN, <br><br> Respondent. | Case No. 18-cv-02056-BAS-RBM <br><br> **ORDER:** <br><br> **(1) OVERRULING OBJECTIONS [ECF No. 22, 23];** <br><br> **(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 20];** <br><br> **(3) DENYING PETITION [ECF No. 1];** <br><br> **AND** <br><br> **(4) DENYING CERTIFICATE OF APPEALABILITY** |

*Pro se* Petitioner Dorian Anguiano filed a Petition for a Writ of Habeas Corpus (the "Petition") in this Court pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from his conviction for corporal injury to a spouse or roommate in violation of California Penal Code § 273.5(a) and his sentence to a stipulated seven-year term pursuant to his October 13, 2016 plea agreement in San Diego County Superior Court. (ECF No. 1.) In the Petition, Anguiano claims that his Sixth Amendment right to effective assistance of counsel was violated because his retained trial counsel

miscalculated his true sentence exposure when counsel presented the plea offer to Anguiano. Anguiano also claims that his Sixth Amendment right was violated because, after Anguiano terminated his retained trial counsel, Anguiano's court-appointed counsel failed to identify and raise the miscalculation issue in Anguiano's subsequent motion to withdraw the plea, a motion which concerned a different alleged misrepresentation by his trial counsel. Anguiano pursued these claims in a California state habeas petition. In his presently pending federal Petition, Anguiano contends that the California appellate court erred in denying him relief in connection with his state habeas petition.

On March 15, 2019, Magistrate Judge Ruth Montenegro issued an extensive Report and Recommendation ("R&R") that recommends denial of the Petition. (ECF No. 20.) Anguiano filed a "request to stay" the Petition on March 29, 2019, based on his misunderstanding that he has yet to exhaust in state court any ineffective assistance of counsel claim regarding the conduct of his court-appointed counsel during the motion to withdraw phase. (ECF No. 22.) The filing otherwise disputes the R&R's recommendation to deny the Petition and thus the Court has construed the filing as a timely objection to the R&R. (ECF No. 21.) Petitioner filed a second timely objection to the R&R. (ECF No. 23.) Respondent has timely replied to Anguiano's filings, and urges the Court to approve and adopt the R&R in its entirety. (ECF No. 24.) For the reasons herein, the Court: (1) overrules Petitioner's objections, (2) approves and adopts the R&R, (3) denies the Petition, and (4) declines to issue Petitioner a certificate of appealability.

### RELEVANT BACKGROUND[1]

Petitioner's conviction and sentence pursuant to a plea agreement stem from

---

[1] No party objects to the R&R's factual and procedural background. (ECF No. 20 at 3–8.) The Court approves and adopts the background. For the purposes of the

events that took place on August 6, 2016. According to the statement of facts from the state appellate court opinion on direct appeal, surveillance video showed Anguiano and the victim drive into the parking lot of motel where Anguiano had rented a room. Anguiano struck the victim in the face and the victim slumped against the passenger side window for several seconds. After the victim got out of the car, Anguiano kicked the left side of the victim's head causing her head to snap back and the victim lay motionless on the ground as Anguiano locked the car and walked away. The motel manager and his wife called the police after they witnessed the incident through a closed-circuit television feed. When the motel manager's wife confronted Anguiano, and told him they were calling the police, Anguiano returned to the car. He lifted the victim's limp body from the ground, falling backwards with the victim at one point. He put the victim in the car and drove away quickly. *See People v. Anguiano*, No. D071738, 2018 WL 1023867, at *1 (Cal. Ct. App. Feb. 23, 2018).[2]

On August 18, 2016, the state filed a three-count felony complaint charging Petitioner with kidnapping in violation of California Penal Code § 207(a) (count 1), corporal injury to a spouse or roommate in violation of California Penal Code § 273.5(a) (count 2), and assault by means likely to produce great bodily injury in violation of California Penal Code § 245(a)(4) (count 3). With the assistance of trial counsel, Petitioner entered a guilty plea to count 2 on October 13, 2016, in which he admitted to the great bodily injury allegations associated with count 2 and agreed to a stipulated sentence of seven years of prison, followed by four years of parole, and a $10,000 fine. Petitioner subsequently relieved his retained trial counsel. His new

---

present order, the Court highlights certain aspects of the R&R's background section and incorporates other background material that appears in the R&R's analysis, material to which no party has objected as well.

[2] These facts were taken from the preliminary hearing transcript and the change of plea form. *Anguiano*, 2018 WL 1023867, at *1 n.2.

court-appointed counsel filed a motion to withdraw the plea on December 27, 2016 in the same trial court that had accepted the plea. Court-appointed counsel contended that Petitioner had "mistakenly relied on [a] representation by his attorney that he would be allowed to withdraw his guilty plea at any time prior to sentencing." The trial court denied the motion after a hearing on February 3, 2017 in which Petitioner's prior trial counsel provided testimony that the trial court found credible. The trial court sentenced Petitioner to seven years, as stipulated. On direct appeal, a California appellate court affirmed on February 3, 2018, over appointed appellate counsel's contention that the denial of the motion to withdraw was an abuse of discretion.

Thereafter, Anguiano's appointed appellate counsel filed a state habeas petition on March 20, 2018 in California state appellate court, seeking relief on the ground that Petitioner's Sixth Amendment right to effective assistance of counsel was violated. The state appellate court denied Petitioner's state habeas petition on March 28, 2018. The Court reasoned that Petitioner had forfeited the claim regarding his trial counsel because he could have but did not raise the miscalculation issue in his motion to withdraw the plea and, in the alternative, the claim failed on the merits. (Lodgment No. 12, *In re Anguiano*, No. D073694, slip op. at 2–3.) The court also determined that Anguiano's claim regarding the alleged ineffective assistance of his court-appointed counsel during the motion to withdraw phase failed because Anguiano could not "avoid procedural bars to habeas corpus relief" and "Anguiano has not shown counsel on the plea withdrawal motion performed deficiently and thereby prejudiced Anguiano." (*Id*.) The California Supreme Court summarily denied Petitioner's petition for review of the appellate court's denial of state habeas relief.

Anguiano now seeks federal habeas relief, raising the same substantive arguments and grounds for relief that the California appellate court considered and rejected. (ECF No. 1.) Magistrate Judge Ruth Montenegro recommends denial of

federal habeas relief on all claims raised in the Petition. (ECF No. 20.) The Court turns to the recommendations to which Petitioner objects.

**LEGAL STANDARD**

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The court "shall make a de novo determination of those portions of the report. . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

**DISCUSSION**

Magistrate Judge Montenegro distilled the Petition into three claims[3]: (1) Anguiano contends that his retained trial counsel miscalculated his true exposure as fourteen years, instead of ten years and eight months (Claim One); (2) Anguiano contends that his court-appointed counsel failed to discover his retained trial counsel's error and thus did not raise it in the motion to withdraw the plea agreement Anguiano pursued (Claim Two); and (3) Anguiano contends that the California appellate court erred in its review of the record when it denied Anguiano's state habeas petition, at least insofar as it concerns his claim for habeas relief concerning his trial counsel's conduct (Claim Three). (ECF No. 20 at 8.)

---

[3] Judge Montenegro noted that Petitioner contended that these issues presented "one cohesive claim" all concerning his fundamental contention that he did not receive effective assistance of counsel in connection with his plea agreement and attempt to withdraw his plea, in violation of the Sixth Amendment. (ECF No. 20 at 8.) In an abundance of caution and based on the Petition's identification of each as a separate claim, Judge Montenegro addressed the issues as separate claims.

As Judge Montenegro correctly acknowledged, Petitioner's claims are subject to two interlocking standards of review in this Court because a state court has already adjudicated Petitioner's ineffective assistance of counsel claims on the merits. (*Id*. at 9–10.) First, when a state court has already addressed the merits of a claim later raised again in a federal habeas petition, the petitioner must demonstrate that the state court adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d) (West 2006). Second, even if Section 2254(d) is satisfied, the petitioner must show that a federal constitutional violation occurred to obtain relief. *Fry v. Pliler*, 551 U.S. 112, 119–22 (2007); *Frantz v. Hazey*, 533 F.3d 724, 735–36 (9th Cir. 2008) (en banc).

Here, Petitioner's ineffective assistance of counsel claims are subject to the clearly established law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which (1) "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) requires Petitioner to also show prejudice, which means that "counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." *Id*. at 687. The California state court applied the *Strickland* standard in its review of Petitioner's state habeas petition and this standard necessarily undergirds Judge Montenegro's analysis of Petitioner's federal Petition as well. Together, Section 2254(d) and the *Strickland* standard establish a "doubly" and "highly deferential" standard of review in this Court for Petitioner's claims. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Pursuant to the applicable standards of review, Judge Montenegro concluded that Petitioner's claims fail on the merits. The crux of Petitioner's claim for federal habeas relief, Judge Montenegro's analysis, and Petitioner's objections concern Claim One.[4] Petitioner also objects to Judge Montenegro's analysis for Claim Two on that ground that the claim is unexhausted and "directs" the Court to his request to stay the entire Petition. (ECF No. 23 at 20.) The Court addresses these issues in turn and agrees with Judge Montenegro's analysis and recommendation to deny the Petition.

A.  **Claim One and Petitioner's Objections**

Judge Montenegro determined that Claim One should fail on its merits regardless of whether Petitioner procedurally defaulted on the claim in state court.[5] (ECF No. 20 at 13–17 (observing that the procedural default analysis effectively collapsed into the merits inquiry for Petitioner's ineffective assistance of counsel claim.) As Judge Montenegro observed, the state appellate court denied Petitioner state habeas relief on the basis of Petitioner's inability to establish *Strickland* prejudice, which requires Petitioner to "show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted

---

[4] Judge Montenegro concluded that Claim Three "is a restatement of [Petitioner's] argument why he was prejudiced by his trial counsel's failure to properly advise him regarding his maximum sentence exposure" and thus recommended denial of the claim for the reasons set forth in Claim One. (ECF No. 20 at 33.) Petitioner does not object to this conclusion. The Court agrees with Judge Montenegro's conclusion and will not separately address Claim Three apart from Claim One.

[5] Petitioner contends that the California appellate court was "wrong in the law and in the facts" when it determined that Petitioner had forfeited Claim One. (ECF No. 22 at 11–12.) To the extent this is an objection, the Court overrules it because Judge Montenegro expressly proceeded to the merits of Claim one irrespective of any forfeiture.

on going to trial." (*Id.* at 22 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).) Based on its review of the record, the California appellate court concluded that there is no "objective evidence" to corroborate Petitioner's claim that he would not have entered into the plea agreement and would have instead gone to trial if he had known his maximum exposure was only ten years and eight months rather than fourteen years.

Reviewing the conduct underlying the three charges against the Petitioner in the state court criminal complaint, the evidence regarding the plea agreement, and statements by the trial court at the sentencing hearing, Judge Montenegro agreed. Judge Montenegro reasoned that (1) Petitioner "has not shown he had a viable defense to any of the charges regarding [the] videotaped encounter at the motel" that resulted in the criminal charges and (2) the record does not show a "plausible basis" that Petitioner's reluctance to accept the seven-year offer based on his concern over separation from his daughters and his "obdurate belief he was the victim" "would have led him to insist on going to trial had he known he was agreeing to serve two-thirds of his maximum sentence exposure rather than one-half[.]" (*Id.* at 24–26.) Judge Montenegro underscored that if he had gone to trial, Petitioner "faced certain conviction" that most likely would have resulted in "an additional 44 months in prison" compared to his stipulated sentence. (*Id.* at 25.) Judge Montenegro concluded that, "[i]n light of the high level of deference this Court gives to the state court application of *Strickland*," "the state court adjudication is not contrary to, nor an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts." (ECF No. 20 at 27.)

Petitioner essentially raises two objections. First, Petitioner objects to a portion of the R&R in which Judge Montenegro quoted from a California state court decision, *People v. Johnson*, 36 Cal. App. 4th 1351 (Cal. Ct. App. 1995). Petitioner contends that the R&R "incorrectly identifies that Johnson's trial counsel

miscalculated defendant's maximum potential sentence by 11 years" and then Petitioner objects that his case is like *Johnson*. (ECF No. 23 at 12–13.) The Court overrules this objection. Setting aside that Judge Montenegro merely quoted from the California appellate decision on Petitioner's state habeas petition, Petitioner finds error where none exists. The *Johnson* defendant "claim[ed] ineffective assistance of counsel" on the ground that "his original attorney miscalculated his maximum potential sentence by 11 years[.]" *Johnson*, 36 Cal. App. 4th at 1355. The *Johnson* defendant claimed an 11-year miscalculation because he contended "his maximum sentence was 27 years, not, [as his trial counsel] stated, 38 years[.]" *Id*. This miscalculation error—which computes to an 11-year difference—was expressly conceded by the state. *Id.* In denying Petitioner's state habeas petition, the California appellate court accurately cited and discussed *Johnson* in its review of Petitioner's ineffective assistance of counsel claim. Consequently, the R&R does not err in its inclusion of this discussion.

More substantively, Petitioner's second objection is that he has established a fair probability that he would not have entered into the plea agreement if he had been properly informed of his true maximum exposure and, consequently, the California appellate court unreasonably applied *Strickland* to the facts of his case. (ECF No. 23 at 14–20.) Petitioner contends that he was not "fully aware of the actual value he was receiving by accepting the prosecution's 7-year offer." (ECF No. 23 at 15.) Petitioner further contends that Judge Montenegro failed to account for certain facts that appeared in his trial counsel's testimony at the plea withdrawal hearing, which Petitioner contends support his contentions. (ECF No. 22 at 7–9.) The Court overrules this objection.

To begin, Petitioner's objection that Judge Montenegro failed to account for the facts he identifies is incorrect because the R&R expressly identifies the statements

by his trial counsel at the plea withdrawal hearing on which Anguiano relies in his objection. (*Compare* ECF No. 20 at 19–20 *with* ECF No. 22 at 7–9.) Having otherwise conducted a *de novo* review of the Petition, Traverse, Lodgments, the R&R, Petitioner's objections, and Respondent's reply, the Court agrees with Judge Montenegro's conclusion that Petitioner has failed to establish that the California appellate court unreasonably applied *Strickland* to the facts of his case when it concluded that the record lacked objective evidence to substantiate Petitioner's claim.

First, as the California appellate court concluded, the absence of objective evidence to substantiate Petitioner's claim that he would not have entered into the plea agreement if he had received competent advice renders Petitioner's circumstances different from those of the *Johnson* defendant. (Lodgment No. 12, *In re Anguiano*, No. D073694, slip op. at 2-3.) In *Johnson*, the "defendant believed he may have cut his sentence almost by half, from a potential 38 years to 20, which under any circumstances would be a powerful inducement to plead." *Johnson*, 36 Cal. App. 4th at 1358. The fact that Petitioner believed he was saving seven years when in reality he was "only" saving three years and eight months is not akin to the "powerful inducement" to plead that was present in *Johnson*. The record otherwise does not show a plausible connection between the identified concerns he had and the length of time that the state offered as part of the plea.

Second, and more critically, Petitioner's Sixth Amendment claim otherwise fails because, as Judge Montenegro properly concluded, there is no reasonable probability that Petitioner's knowledge of the true exposure would have made a difference in the outcome of the proceedings. (ECF No. 20 at 24–25.) "[C]ounsel's ineffectiveness is only a basis for vacating a conviction if there is a reasonable probability it would have made a difference to the outcome of the proceeding." *Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017) (citing *Strickland*, 466 U.S. at

694). In the context of a guilty plea, this requires a case-by-case examination of the totality of the evidence. *Id.* at 285–86 (citing *Lee v. United States*, 137 S. Ct. 1958, 1966 (2017)). "Overwhelming evidence" on the charged offenses and lack of a viable defense other the defendant's own testimony "weighs against a finding of prejudice." *United States v. Kayode*, 777 F.3d 719, 726–27 (5th Cir. 2014). After a review of the elements of the criminal charges against Petitioner and cases similar to the evidence in the record, Judge Montenegro properly concluded that if Petitioner had gone to trial, he "faced certain conviction" that would have likely resulted in "an additional 44 months in prison" compared to his stipulated sentence. (ECF No. 20 at 25.) Having reviewed the record, the Court agrees with Judge Montenegro's conclusion.

In short, Petitioner has not overcome the "doubly deferential" standards of Section 2254(d) and *Strickland* to show that he is entitled to federal habeas relief on Claim One. Accordingly, the Court approves and adopts Judge Montenegro's recommendation to deny the Petition as to this claim.[6]

### B. Claim Two and Petitioner's Request to Stay

Judge Montenegro determined that Claim Two fails for the same reasons as Claim One, specifically that the state court's adjudication of Petitioner's claim regarding the conduct of his court-appointed counsel during the motion to withdraw phase was consistent with *Strickland* and Petitioner has failed to show that the state court finding was based on an unreasonable determination of the facts. (ECF No. 20 at 31–32.)

---

[6] Judge Montenegro recommends that the Court deny Petitioner's request for an evidentiary hearing on Claim One on the ground that the claim can be resolved on the state court record. (ECF No. 20 at 27.) Petitioner does not object to this recommendation. Having reviewed the record and R&R, the Court agrees with Judge Montenegro's recommendation.

Petitioner objects to the R&R's analysis for Claim Two on the ground that the claim is not exhausted and requires a stay of the Petition so he can return to state court. (ECF No. 22 at 6–7; ECF No. 23 at 20.) The Court overrules this objection and denies Petitioner's request. Based on a review of the state habeas petition filed by Petitioner's state appellate counsel and a review of the California appellate court's decision on Petitioner's state habeas petition, Judge Montenegro expressly determined that Petitioner exhausted Claim Two in state court and thus assessed the merits of Petitioner's claim. (ECF No. 20 at 28–30.) After a *de novo* review of the record, the Court agrees with Judge Montenegro's conclusion. Petitioner's request to stay is therefore denied as moot. Although the Court has no obligation to otherwise review Judge Montenegro's conclusions and recommendations regarding Claim Two, *see Reyna-Tapia*, 328 F.3d at 1121, the Court has conducted a *de novo* review and agrees with Judge Montenegro's conclusions. Accordingly, the Court approves and adopts Judge Montenegro's recommendation to deny the Petition as to this claim.

## CONCLUSION & ORDER

For the foregoing reasons, the Court: (1) **OVERRULES** Petitioner's Objections (ECF Nos. 22, 23), (2) **APPROVES AND ADOPTS** the R&R (ECF No. 20), and (3) **DENIES** the Petition, (ECF No. 1). The Court **DECLINES** to issue Petitioner a certificate of appealability because Petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2); *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013) (observing that in order for a court to exercise its discretion to issue a certificate of appealability, the petitioner must make a threshold showing that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further).

**IT IS SO ORDERED.**

**DATED: June 13, 2019**

Hon. Cynthia Bashant
United States District Judge